RICHARD J. SIMONS, ESQ. SBN: 72676
FURTADO, JASPOVICE & SIMONS
A Law Corporation
22274 Main Street
Hayward, CA 94541
510/582-1080 Telephones
510/582-8254 Facsimile
Rick@fjslaw.com

Attorneys for Plaintiff
CARL P. McDONOUGH

E-filing

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CARL P. McDONOUGH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 07-   BZ

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH/MEDICAL MALPRACTICE: FEDERAL TORT CLAIMS ACT (28 U.S.C. 2675)

Plaintiff alleges,

1. JURISDICTION: This action arises under the Federal Tort Claims Act, 28 U.S.C. Sections 2671 et seq. Jurisdiction of this Court arises under 38 U.S.C. Section 1346.

2. Plaintiff Carl P. McDonough is a resident of the County of Contra Costa, California, and the surviving child of Carl A. McDonough, deceased. Carl A. McDonough died on November 19, 2005, and left no surviving spouse.

3. Between March, 2005, and November 6, 2005, decedent Carl A. McDonough was an inpatient at the United States Veterans Administration Skilled Nursing facility in Livermore, California. Decedent Carl A. McDonough was in residence at the Livermore VA SNF for multiple medical conditions and disabilities, while awaiting plaintiff's completion of structural home modifications that would allow decedent to reside with plaintiff Carl P. McDonough. The medical conditions for which

FURTADO, JASPOVICE
& SIMONS
A LAW CORPORATION
22274 MAIN STREET
HAYWARD, CALIF. 94541
(510) 582-1080

COMPLAINT FOR DAMAGES FOR WRONGFUL
DEATH

1

1  decedent Carl A. McDonough was under care and treatment included congestive heart failure, diabetes, atrial fibrillation, and status post-mechanical valve heart surgery, as well as prior cerebral vascular accident with residual dysphasia. At all times herein, the VA SNF in Livermore, California, was managed, controlled, operated, and supervised, by the United States Veterans Administration, an agency of the United States government, and by employees thereof, acting within the course and scope of their employment.

4. While an inpatient at the VA SNF, decedent's physicians ordered that he be administered the anti-coagulation drug Coumadin, also known as Warfarin. On or about October 6, 2005, and for a period of approximately 3 weeks thereafter, employees of the defendant United States of America, and of the VA SNF, acting within the course and scope of their employment, negligently allowed decedent's Coumadin order to expire; negligently failed to renew the Coumadin order; negligently failed to administer Coumadin or alternative anti-coagulants to decedent as medically required by his conditions; and negligently failed to supervise decedent's care to recognize that his anti-coagulant had been discontinued without medical indication or order, and contrary to his medical needs. At all times herein, employees of the Livermore VA SNF facility, acting within the course and scope of their employment, were negligent in the administration, supervision, and management of the facility, in failing to adopt appropriate procedures, protocols, and safeguards, to make sure that patients requiring anti-coagulant therapy, including decedent, were appropriately monitored, and prescriptions and administration of required medications and anti-coagulant therapies received by said patients, including decedent.

5. As a result of the negligent failure to continue decedent's blood thinning medications and therapies, and the negligence described herein, decedent suffered a large embolic CVA stroke, which caused his death on November 19, 2005.

6. As a further result of the negligence of the employees of the Livermore VA SNF facility, and of defendant United States of America, plaintiff has suffered the loss of the love,

FURTADO, JASPOVICE
& SIMONS
A LAW CORPORATION
22274 MAIN STREET
HAYWARD, CALIF. 94541
(510) 582-1080

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH

2

1   comfort, society, and companionship of decedent, and will continue to incur said losses in the future.

2   As a further result of said negligence, plaintiff has incurred funeral and burial expenses, and has

3   lost, and will continue to lose in the future, the benefit of decedent's economic support.

4        7.   On or about May 8, 2006, plaintiff presented a claim to the Department of Veteran

5   Affairs in the form prescribed by law. The Department of Veteran Affairs has neither approved nor

6   denied said claim, having unreasonably failed to fulfill its administrative obligations. Plaintiff has

7   complied with all administrative prerequisites of 28 U.S.C. Section 2672.

8        WHEREFORE, plaintiff prays for relief as follows:

9        1.   For general and special damages for the wrongful death of decedent in the amount

10  of $350,339.39, including $250,000.00 in general damages, and $100,339.39 in special damages;

11       2.   For costs of suit; and

12       3.   For such other and further relief as the Court deems just and proper.

13  Dated: June 12, 2007                            FURTADO, JASPOVICE & SIMONS
                                                    A Law Corporation
14

15

16                                                  By _____
                                                    RICHARD J. SIMONS
17                                                  Attorneys for Plaintiff

FURTADO, JASPOVICE
& SIMONS
A LAW CORPORATION
22274 MAIN STREET
HAYWARD, CALIF 94541
(510) 582-1080

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH                3