SCOTT N. SCHOOLS (S.C. BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, Ninth Floor
San Francisco, California 94102
Telephone:      (415) 436-6909
Facsimile:      (415) 436-6748
Email: jonathan.lee@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL P. MCDONOUGH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. C 07-3087 MMC<br><br>**ANSWER OF UNITED STATES OF AMERICA** |

　　　　Defendant UNITED STATES OF AMERICA, by and through counsel, hereby answers and otherwise respond to plaintiff Carl McDonough's complaint filed June 13, 2007, as follows:

**SPECIFIC RESPONSES TO PARAGRAPHS IN THE COMPLAINT**

　　1.　　This paragraph alleges the subject matter jurisdiction of this Court, to which no response is required.

　　2.　　The first sentence of this paragraph is an allegation of the plaintiff's residency, to which defendant has insufficient information to admit or deny. Defendant avers on information and belief that plaintiff is not the only surviving son of Carl A. McDonough. The second sentence is admitted as to the date of death but denied

      as to the remainder of the sentence because defendant is without sufficient information to admit or deny.

3. Admit that between March 14, 2005 and November 6, 2005, decedent had been admitted to the Livermore care facility of the Veterans Affairs Palo Alto Health Car System in Livermore, California. Admit that decedent was receiving treatment for a left humerus fracture and other multiple medical conditions at the Livermore VA Nursing Home Care Unit. Defendant is without sufficient information to respond to the allegation that decedent was admitted while awaiting completion of renovations to decedent's home. Admit that decedent received medical care at the Livermore VA NCHU, which is a component of the VA Palo Alto Health Care System, a medical arm of the U.S. Department of Veterans Affairs. Defendant denies the remainder of the allegations in this paragraph.

4. Admit that during admission to the Livermore facility, decedent's treating physicians ordered Coumadin. Except as to that limited admission, defendant denies the remainder of this paragraph, because it alleges a legal conclusion for which no response is required.

5. This paragraph states plaintiff's legal contentions to which no response is required. To the extent that a response is required, defendant denies the allegations in this paragraph.

6. Deny.

7. Admit that plaintiff filed a Standard Form 95, "Claim for Damage, Injury or Death," that was received in the Office of the VA Regional Counsel in San Francisco, California on June 10, 2006. Defendant denies the remainder of the paragraph.

### SPECIFIC RESPONSES TO PLAINTIFF'S PRAYER

The remainder of plaintiff's complaint constitutes a prayer for relief to which no response

is required. To the extent that a response is required, defendant denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.
2. Any injury or loss to plaintiff was not proximately caused by any negligent or otherwise wrongful act or omission of any employee or agent of the United States.
3. Plaintiff's claims herein are subject to the limitations contained in the California Medical Injury Compensation Recovery Act ("MICRA"), Cal. Civil Code §§ 3333.1 et seq.
4. Defendant did not breach any cognizable duty owed to Plaintiff.
5. In the event that Defendant is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff.
6. To the extent plaintiff may have failed to mitigate his damages herein, any recovery or other award to plaintiff must be reduced accordingly.
7. Attorney's fees are taken out of the judgment or settlement at a rate determined and governed by statute. 28 U.S.C. § 2678.
8. Defendant is not liable for interest prior to judgment or punitive damages. 28 U.S.C. § 2674.
9. Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).
10. Plaintiff's right to sue the United States is limited to the extent of waiver of sovereign immunity and the administrative requirements set forth in the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.
11. Plaintiff is not entitled to a trial by jury, under 28 U.S.C. § 2402.
12. Plaintiff is limited to the amount set forth in the administrative claim. 28 U.S.C. § 2675(b).

13. Plaintiff's claims are barred by the applicable statute of limitations.

14. The negligence of third parties reduces or bars plaintiff's recovery.

15. Defendant's agents and employees acted at all times within the applicable standard of medical care.

16. Third party conduct was a superceding, intervening cause of any damages claimed by plaintiff.

17. To the extent that plaintiff seeks to recover for any occurrence or result that was caused by the natural course of plaintiff's preexisting disease or condition, or that was the natural or expected result of reasonable treatment rendered for that disease or condition, Plaintiff is precluded from obtaining any recovery in this action by the terms of Cal. Civil Code § 1714.8.

18. Some or all of plaintiff's claims are so speculative in nature that they should be dismissed.

19. California allows defendants in medical malpractice actions to offer evidence of the plaintiff's receipt of payments in connection with the injury in the form of social security benefits, workers' compensation, health insurance, accident insurance, or any other contract providing for health care. Cal. Civ. Code § 3333.1 (West 2006).

20. Some or all of plaintiff's damages claims are not allowed under California law, including but not limited to Cal. Civ. Code § 3333.4 (West 2006).

21. Plaintiff voluntarily assumed the risks of the medical procedure that forms the basis of his complaint.

22. Defendant's agents and employees provided all information material to the plaintiff relating to the risks of the medical procedure that forms the basis of his complaint, and plaintiff agreed to the medical procedure based on informed consent.

WHEREFORE, Defendant the United States of America prays for relief as follows:

1.     That plaintiff take nothing by his complaint;

2.     For costs of suit, including attorney's fees, if appropriate;

3.     And for such other relief as the Court may deem proper and necessary.

DATED: August 17, 2007            Respectfully submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney


                                        /Jonathan U. Lee/
                                        JONATHAN U. LEE
                                        Assistant United States Attorney
                                        Attorneys for the United States of America