1   JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   MICHAEL T. PYLE (SBN 172954)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Ninth Floor
5       San Francisco, California 94102
        Telephone:      (415) 436-7322
6       Facsimile:      (415) 436-6748
        Email: michael.t.pyle@usdoj.gov
7
    Attorneys for UNITED STATES OF AMERICA
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  CARL P. MCDONOUGH,                    )    No. C 07-3087 MMC
                                          )
14                                        )    **STIPULATION FOR COMPROMISE**
          Plaintiff,                      )    **SETTLEMENT AND RELEASE;**
15                                        )    **[PROPOSED] ORDER**
             v.                           )
16                                        )
    UNITED STATES OF AMERICA,             )
17                                        )
          Defendant.                      )
18  _____ )

19

20

21

22

23

24

25

26

27

28

THE PARTIES, THEIR ATTORNEYS OF RECORD, AND NON-PARTY ROBERT DE SILVA HEREBY SUBMIT THE FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE (hereinafter, "Stipulation and Agreement"):

IT IS HEREBY STIPULATED AND AGREED as follows:

1.  The parties to this Stipulation and Agreement are plaintiff Carl P. McDonough (hereinafter "Plaintiff") and Mr. Robert de Silva, on the one hand, and defendant United States of America, on the other hand.  Plaintiff, Mr. de Silva, and the United States of America are collectively referred to in this Stipulation and Agreement as "the Parties" and individually as a "Party."

2.  Plaintiff and the United States hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.  Mr. de Silva specifically represents and warrants the following: he is Plaintiff's brother and the son of Carl A. McDonough and he has not filed or submitted any suit or claim regarding the death of Carl A. McDonough.

3.  The United States agrees to pay to Plaintiff the sum of Two Hundred Thousand Dollars and No Cents ($200,000), made payable to The Furtado, Jaspovice & Simons Trust Account, under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff and/or Mr. de Silva, their heirs, executors, administrators, or

assigns, and each of them, now have or may hereafter acquire against the United

States of America or its agents, servants, and employees.

4.    Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept

the sum of Two Hundred Thousand Dollars and No Cents ($200,000) in full

settlement and satisfaction of any and all claims, demands, rights, and causes of

action of whatsoever kind and nature, arising from, and by reason of any and all

known and unknown, foreseen and unforeseen bodily and personal injuries,

damage to property and the consequences thereof which they may have or

hereafter acquire against the United States of America or its agents, servants and

employees on account of the same subject matter that gave rise to the above-

captioned lawsuit.  Plaintiff and his heirs, executors, administrators or assigns

further agree to reimburse, indemnify and hold harmless the United States of

America and its agents, servants or employees from any and all such causes of

action, claims, liens, rights, or subrogated or contribution interests incident to or

resulting from further litigation or the prosecution of claims by Plaintiff or his

heirs, executors, administrators or assigns against any third party or against the

United States of America.

5.    Mr. de Silva and his heirs, executors, administrators or assigns hereby agree that

the payment of the sum of Two Hundred Thousand Dollars and No Cents

($200,000) to Plaintiff is in full settlement and satisfaction of any and all claims,

demands, rights, and causes of action of whatsoever kind and nature, arising from,

and by reason of any and all known and unknown, foreseen and unforeseen bodily

and personal injuries, damage to property and the consequences thereof which Mr.

1    de Silva may have or hereafter acquire against the United States of America or its

2    agents, servants and employees on account of the same subject matter that gave

3    rise to the above-captioned lawsuit.  Mr. de Silva and his heirs, executors,

4    administrators or assigns further agree to reimburse, indemnify and hold harmless

5    the United States of America and its agents, servants or employees from any and

6    all such causes of action, claims, liens, rights, or subrogated or contribution

7    interests incident to or resulting from further litigation or the prosecution of

8    claims by Mr. de Silva or his heirs, executors, administrators or assigns against

9    any third party or against the United States of America.

10   6.    In consideration of the payment of Two Hundred Thousand Dollars and No Cents

11   ($200,000.00) and the other terms of this Stipulation and Agreement, Plaintiff

12   agrees to immediately upon execution of this Stipulation and Agreement, execute

13   the accompanying Stipulation For Dismissal with Prejudice, which stipulation

14   shall dismiss, with prejudice, all claims asserted in this Action or any claims that

15   could have been asserted in this Action, which is captioned Carl P. McDonough v.

16   United States of America, C 07-3087 MMC.  The fully executed Stipulation For

17   Dismissal with Prejudice will be held by counsel for the defendant and will be

18   filed with the Court upon receipt by Plaintiff's counsel of the settlement amount

19   and the completion of the settlement terms described herein.

20   7.    This Stipulation and Agreement is entered into by all Parties for the purpose of

21   compromising disputed claims and avoiding the expenses and risks of litigation.

22   This settlement does not constitute an admission of liability or fault on the part of

23   any Party.

8.     It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against the United States, their agents, servants, or employees in connection with any claims or suits arising out of the death of Carl A. McDonough.

9.     It is agreed, by and among the Parties, that this Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

10.     It is agreed, by and among the Parties, that the settlement amount of Two Hundred Thousand Dollars and No Cents ($200,000.00) paid by the United States of America to Plaintiff represents the entire amount of the compromise settlement and that the respective Parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.  Mr. de Silva understands and agrees that by his agreement in this Stipulation and Agreement to release the United States of America and its agents, servants or employees from any and all liability regarding the death of his father, Carl A. McDonough, his only recourse with regard to any claim against the United States of America and its agents, servants or employees regarding the death of his father, Carl A. McDonough shall be to seek a portion of the Two Hundred Thousand Dollars and No Cents ($200,000.00) to be paid by the United States of America to Plaintiff and that he must seek that portion from Plaintiff and not from the United States of America.

11.     The  Two Hundred Thousand Dollars and No Cents ($200,000.00) to be paid to

STIPULATION FOR COMPROMISE  SETTLEMENT AND RELEASE; [PROPOSED] ORDER
Case No. 07-3087 MMC                                   -5-

Plaintiff pursuant to the terms of this Stipulation and Agreement will be made by wire transfer or other electronic means to a bank account to be designated in writing by Plaintiff's counsel. Plaintiffs' counsel shall be responsible for distributing the funds to Plaintiff. Plaintiff shall be responsible for distributing any funds to Mr. de Silva, as may be agreed by Plaintiff and Mr. de Silva or as may be ordered by the Court.

12. Counsel for the United States of America will submit a request for Judgment Fund payment within 48 hours after the Court approves this Stipulation and Agreement. The Parties recognize that payment from the Judgment Fund is often not available for 45 to 60 days after approval of the settlement by the Court.

13. Plaintiff and Mr. de Silva hereby release and forever discharge the United States of America and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiff's pleadings in this action and/or arising out of the death of Plaintiff and Mr. de Silva's father, Carl A. McDonough.

14. Plaintiff and Mr. de Silva each specifically represent and warrant the following: there are no surviving or pre-deceased children of Plaintiff and Mr. de Silva's father, Carl A. McDonough other than the two of them, and that Carl A. McDonough left no surviving spouse or domestic partner. Plaintiff and Mr. de Silva understand that this warranty is a material provision in this settlement

agreement.

15.    The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which
> the creditor does not know or suspect to exist in his
> favor at the time of executing the release, which if
> known by him must have materially affected his
> settlement with the debtor."

Plaintiff and Mr. de Silva, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of their choosing, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff and Mr. de Silva understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

16.    The Parties agree that this Stipulation and Agreement is intended to be a full and final settlement of all claims arising out of the allegations set forth in Plaintiffs' pleadings in this action.

17.    This Stipulation and Agreement shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel of each Party's choosing, which counsel have explained the legal effect of this agreement.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this

Stipulation and Agreement.  This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

18.    If any withholding or income tax liability is imposed upon Plaintiff or Mr. de Silva based on payment of the settlement sum as set forth herein,  Plaintiff or Mr. de Silva  shall be solely responsible for paying any such liability.

19.    The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement, including any dispute of any kind that may arise between Plaintiff and Mr. de Silva regarding the allocation of the Two Hundred Thousand Dollars and No Cents ($200,000.00) to be paid by the United States of America to Plaintiff pursuant to the terms of this Stipulation and Agreement.

20.    Each Party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any Party hereto by virtue of the drafting of this Stipulation and Agreement.

21.    If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining

1   provisions shall not in any way be affected or impaired thereby.  This instrument

2   shall constitute the entire agreement between the parties, and it is expressly

3   understood and agreed that this agreement has been freely and voluntarily entered

4   into by the parties hereto with the advice of counsel, who have explained the legal

5   effect of this agreement. The Parties further acknowledge that no warranties or

6   representations have been made on any subject other than as set forth in this

7   Stipulation and Agreement.

8
9   22.   The Parties agree that, should any dispute arise with respect to the implementation

10  of the terms of this Stipulation and Agreement, no Party shall seek to rescind the

11  Stipulation and Agreement and pursue any of the original causes of action.  Each

12  Party's sole remedy in such a dispute is an action to enforce the Stipulation and

13  Agreement in district court.  The Parties agree that the district court will retain

14  jurisdiction over this matter for the purposes of resolving any dispute alleging a

15  breach of this Stipulation and Agreement.  This Stipulation and Agreement may

16  be signed in counterparts, and any signature on a signature page transmitted by

17  facsimile or by PDF shall be treated the same as an original signature and shall be

18  deemed binding and fully effective.

19  23.   The Parties further agree that the filing of this executed Stipulation and

20  Agreement shall notify the Court of the agreement by Plaintiff and the United

21  States to vacate all pending discovery, motion hearing dates, settlement or pretrial

22  deadlines and trial date associated with this litigation.

23  DATED: February __, 2008

24

Carl P. McDonough, Plaintiff

1

2    DATED: February ___, 2008

3                                              _____
                                               Robert de Silva
4    DATED: February ___, 2008
                                               FURTADO, JASPOVICE & SIMONS
5

6                                              _____
                                               Richard J. Simons
7         *March*                              Attorneys for Plaintiff
8    DATED: ~~February~~ 28, 2008              JOSEPH P. RUSSONIELLO
                                               United States Attorney
9

10                                             _____
                                               Michael T. Pyle
11                                             Assistant United States Attorney
                                               Attorneys for Defendant United States of America
12

13   **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

14

15   DATED: _____         _____
                                     The Honorable Maxine M. Chesney
16                                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
Case No. 07-3087 MMC                          -10-